JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-CV-06193-RGK-MAA | Date | August 6, 2021 |
|---|---|---|---|
| Title | *CHRISTIAN GARCIA PIZANO, et al v. FCA US LLC* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Re: Order Remanding Action to State Court**

On June 29, 2021, Christian Garcia Pizano, Hugo Garcia, and Agueda Garcia ("Plaintiffs") filed a Complaint against FCA US LLC ("Defendant") alleging violations of the Song-Beverly Warranty Act.

On July 30, 2021, Defendant removed the action to federal court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). Whether or not the plaintiff challenges these allegations, a court may still insist that the jurisdictional requirement has been established by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In the complaint, Plaintiffs seek damages, including compensatory damages, restitution, statutory remedies, as well as attorneys' fees and costs under the Song-Beverly Warranty Act. In support of its removal, Defendant calculates that based on the vehicle price of $37,919.04, and $75,838.08 in civil (i.e, two times actual damages), the amount in controversy is already exceeds the jurisdictional minimum, not including attorneys' fees.

However, while the Song-Beverly Warranty Act allows a plaintiff to recover the full purchase price of the car, this amount must be reduced to account for any use by plaintiff prior to the first repair

JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-CV-06193-RGK-MAA | Date | August 6, 2021 |
|---|---|---|---|
| Title | *CHRISTIAN GARCIA PIZANO, et al v. FCA US LLC* | | |

of the vehicle. *See Tokmakova v. Volkswagen Group of America, Inc.*, 2012 WL 12952629, at * 2–3. Here, there is there no indication as to how many miles Plaintiffs drove the car prior to the first repair. Without such facts, the Court is left with considerable doubt as to the amount in controversy. *Accord Tokmakova*, 2012 WL 12952629, at *3. Further, a plaintiff's recovery is limited to the actual payment amount to the seller. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1008 (N.D. Cal. 2002). The Installment Contract, executed on April 18, 2018, indicates that Plaintiffs paid only $6,000.00 as a down payment, with the balance to be paid over six years. (Frazier Decl., Ex. 4.) With $6,000.00 as a starting point, the Court finds it implausible that the amount in controversy exceeds $75,000.

As Defendant points out, Plaintiffs would be entitled to civil penalties and attorneys' fees if the action succeeds. As to attorneys' fees, the Court finds this to be speculative. Moreover, given the deficiencies of Defendant's calculations with respect to actual damages, civil penalties, which are based on actual damages, are similarly deficient.

Accordingly, the Court finds that Defendant has failed to plausibly allege that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                             _____ : _____

Initials of Preparer